IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

_____

No. 95-60524
_____


UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

PAUL DEWAYNE BARNES,

Defendant-Appellant.
_____

Appeal from the United States District Court for the
Southern District of Mississippi
(3:94CR131LN)
_____

August 9, 1996

Before POLITZ, Chief Judge, and JOLLY and BARKSDALE, Circuit
Judges.

E. Grady Jolly, Circuit Judge:[*]

Paul Dewayne Barnes entered a conditional plea of guilty to a charge of possession with intent to distribute crack cocaine in violation of 21 U.S.C. § 841. As part of his plea, he reserved the right to appeal the question whether the district court properly denied his motion to suppress evidence that led to his guilty plea. We hold that the district court properly refused to suppress

_____

[*]Pursuant to Local Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in Local Rule 47.5.4.

evidence found in Barnes' home, and therefore affirm the sentence imposed by the district court based on the guilty plea.

In September 1994, employees of Federal Express in Memphis, Tennessee, opened a package addressed to Henry Smith, 116 Neatherwood Drive, Jackson, Mississippi. No objection has been made in this appeal to this conduct. Inside, they found a large amount of crack cocaine. The Memphis police contacted the Hinds County Sheriff's Office, and that office obtained a warrant from a Hinds County justice court judge to search the package. When the package arrived in Jackson, the sheriff's office opened the package in accordance with the warrant and found over 400 grams of crack cocaine, packaged in plastic bags inside an anti-freeze container. They repackaged the substance and attempted a "controlled delivery" by an investigator posing as a FedEx deliveryman. According to the affidavit supporting a subsequent search warrant for the search of the residence, however, "When he arrived at the residence he found a note fastened to the front door bearing [Henry Smith's] name directing the Federal Express delivery person to leave the package behind a wooden fence along the west end of the house." The officers, however, did not leave the package. About fifteen minutes later, officers returned to the house to retrieve the note they had seen, but the note was gone. The officers then left a note requesting the addressee to call for the package at the FedEx office. A short time later, officers at FedEx received a call from

a male, supposedly black, who identified himself as Henry Smith and demanded that the package be re-delivered and left in the yard by the front door of the house.  The caller referenced the correct air bill number of the package.

The officers obtained a second search warrant to reopen the package to place a motion detector inside.  Almost simultaneously with this warrant, they obtained a third search warrant to search the residence for "ledgers, records, or other documents indicating narcotics trafficking; proceeds from narcotics trafficking, and any other controlled substance--particularly cocaine."  Only this third warrant is the subject of this appeal.  After obtaining the warrants, they implanted the motion detector, left the package on the doorstep, and began surveillance of the residence.

Approximately thirty minutes after they left the package, surveilling officers reported to the other officers that a black female had moved the package and had entered the house.  The package, however, was not carried into the house.  The officers then executed the search warrant.  Inside the house they found two firearms, various amounts of marijuana and cocaine, $12,730 cash in the ceiling, and drug-trafficking paraphernalia.  They also found a second FedEx package shipped from Los Angeles, almost identical to the one that they delivered.  The police arrested the black female, Tracy Wimberly.  She lived at this house--116 Neatherwood

Drive--with Paul Barnes. Barnes was arrested approximately two weeks later.

At the suppression hearing, Barnes argued that the evidence discovered at his residence pursuant to the third search warrant should be suppressed. He had at first argued in his motion to suppress that the warrant supporting the search was an anticipatory warrant, see, e.g., United States v. Wylie, 919 F.2d 969, 974 (5th Cir. 1990) (holding that search of premise may be authorized "when it is known that contraband is on a sure course to its destination there" and approving use of anticipatory search warrants in appropriate circumstances), and that the contingent circumstance-- actual entry of the FedEx package into the house--never occurred. He has changed his argument, however, and he now asserts that the warrant, although not anticipatory in nature, was issued without probable cause because it was not supported by any evidence of criminal activity within the residence.

The government responds that the warrant clearly was not anticipatory, and in no way was conditioned on delivery of the package (a point now conceded by the defendant). It further argues that there was a sufficient nexus between the package and the house to provide the requisite probable cause for the search warrant, because (1) the package--unquestionably containing contraband--was addressed to that house, (2) a note signed by the addressee was

left on the door of the house, and (3) a man identifying himself as the addressee called demanding re-delivery of the package to that address. This evidence, the government argues, clearly establishes reasonable grounds to conclude that this house, which plainly was a focal point of this drug transaction, contained evidence relevant to the crime under investigation. The district court agreed with the government. It therefore denied Barnes' motion to suppress the evidence gathered pursuant to the search.

Barnes then conditionally pleaded guilty to Count II of the indictment charging him with possession with intent to distribute cocaine base, reserving his right to appeal the denial of his motion to suppress. He was sentenced to 20 months imprisonment and five years' supervised release. In addition to the denial of his motion to suppress, Barnes appeals three findings in the presentence report: that he was responsible for the crack cocaine found in the house and in the package, that he was denied sentencing credit for acceptance of responsibility for any acts outside the specific count of his plea, and the sentencing guidelines for crack cocaine are disproportionate to that for powder cocaine. The district court resolved all three objections in favor of the government. Barnes now appeals.

II

To determine whether probable cause exists for the issuance of a search warrant, the district court is to make a common sense decision whether, given all the circumstances set forth in the affidavit, there is a fair probability that contraband or evidence of a crime will be found in a particular place. United States v. Wylie, 919 F.2d 969, 974 (5th Cir. 1990). In the present case, the district court found that there was evidence of drug trafficking related to the residence because the FedEx package was addressed to the house, someone left a note (bearing the name of the addressee) on the house, and someone identifying himself as Henry Smith, the addressee identified by the package as located at the residence, made a phone call demanding that the package be left at the house. There is hardly more for us to say, except that we hold that this evidence provides a sufficient nexus between the criminal activity associated with the package and the address to which the package was destined, reasonably to believe that the residence probably contained evidence relevant to the crime under investigation.

On the other hand, we cannot agree with Barnes that the failure of the FedEx package actually to cross the threshold into Barnes' residence is somehow fatal to probable cause. The nexus between the package and the residence to which it was destined for delivery, as detailed above, remains. We further reject Barnes'

argument that the nexus leading to probable cause fails because of the theoretical possibility of a scheme seeking to deceive the authorities into erroneously concluding that the actual destination of the package was 116 Neatherwood Drive. Even if such a ruse took place, it was insufficient to defeat the probable cause underlying the valid search warrant, based on the issuing judge's conclusion, well supported by the good faith affidavits before him, that there was a "fair probability that contraband or evidence of a crime" would be found at 116 Neatherwood Drive.[1]

## III

We find that Barnes' assignments of error are without merit, and therefore affirm his conviction and sentence.

A F F I R M E D.

---

[1] We hold that Barnes' other three assignments of error, all relating to sentencing, lack in merit. First, his contention that he should not have been charged, for sentencing purposes, with the controlled substance that never entered his house, is resolved by the determinations underlying the suppression issue, and we consequently hold that the district court did not err in its calculation of the amount of crack cocaine for sentencing. Second, in the light of our previous rulings that disparate sentences for crack versus powder cocaine violate neither the Eight nor the Fourteenth Amendments, the district court did not err in denying Barnes' motion to depart and/or utilize the Rule of Lenity in calculating Barnes' sentence. Finally, the district court did not err in refusing to decrease Barnes' offense level for his failure to demonstrate acceptance of responsibility for his offense.